# BALTIMORE CITY COURT.

Filed November 26, 1924.

### ELMER M. HARPER
### VS.
### THE MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

### GEORGE M. ENGLAR
### VS.
### THE MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

*C. Alexander Fairbank, Joseph C. France* and *J. Craig McLanahan* for plaintiffs.

*City Solicitor Philip B. Perlman* and *Assistant City Solicitor Charles C. Wallace* for defendant.

BOND, J.—

There are two classes of mortgage certificates involved in these cases.

Certificates of the first class purport to assign a certain mortgage or part of a mortgage on certain designated land situated in Baltimore City, the mortgage being clearly identified by reference to the Land Record in which it is recorded.

Certificates of the second class purport to assign certain portions of mortgage debts secured by a number of mortgages deposited or which may hereafter be deposited with a designated depository, there being nothing in the certificates which identifies the mortgages which have been deposited or which may hereafter be deposited, or which establishes the identity or location of the property covered by such mortgages, and said certificates containing a provision that the issuing company shall be entitled to withdraw any of said deposited mortgages and deposit in place thereof other first mortgages of similar character for an equal or greater amount. In addition

to the facts which appear on the face of these certificates, there is an agreement of counsel filed in the Harper case to the effect that the property covered by the mortgages referred to in the certificates is in fact located in Baltimore City. This agreement may be relied upon as to the mortgages which have been actually deposited, but I do not think counsel can know or determine the facts as to mortgages which have not been deposited, but which may hereafter be substituted and deposited in accordance with the provisions of the certificates.

Said certificates of both classes contain provisions by which the issuing company guarantees certain payments, agrees to perform certain services and reserves certain rights and powers.

Whether these certificates or any of them are subject to assessment and taxation under Section 214 of Article 81 of the Code of Public General Laws, is the question to be decided.

This section among other things provides for the assessment and taxation of evidence of debt in whatsoever form made or issued by any public or private corporation not exempt from taxation by the laws of this State.

It appears to be generally agreed that mortgages on land situated in Maryland, except in Frederick County, are exempt from taxation. This conclusion is arrived at as a result of a succession of legislative enactments; mortgages having been at one time taxed, later specifically exempted from taxation, still later taxed in accordance with the special mortgage tax law which is still to be found in the Code, and still later Baltimore City and all the counties of Maryland, except Frederick County, being exempted from the provisions of said special mortgage tax law by a succession of acts.

If mortgages are exempt I assume that they are exempt when held by assignees as well as when held by the original mortgagees.

The question then appears to be, are these mortgage certificates assignments of mortgages on land situated in Maryland (not in Frederick County), or are they original evidence of debts of the issuing companies?

I am of the opinion that said certificates of the first class are assignments of mortgages or part of mortgages on land situated in Baltimore City, Maryland, and I do not think the agreement and guarantee which accompany said assignments qualify such assignments to such an extent as to convert them into original evidence of debts of the issuing companies.

I am further of the opinion that said certificates of the second class are not assignments or mortgages on land situated in Maryland, because the mortgages which the certificates purport to assign are not finally identified and the location or the land covered by such mortgages is not permanently fixed, both the mortgages and the property covered by such mortgages is not permanently fixed, both the mortgages and the property covered by them being subject to change at the will of the issuing company. The issuing company retains such complete dominion and control over the mortgages deposited or to be deposited and which these certificates purport to assign, that, according to my view, the certificates do not amount to assignments of mortgages, but are in the nature of original obligations of the issuing company coupled with an agreement to maintain unidentified mortgages of a certain face value on deposit as security therefor.

For these reasons I have reached the conclusion that said certificates of the first class are exempt from taxation, and that said certificates of the second class are subject to assessment and taxation under said section of the code.